Oakley J.
This was an action of debt on a judgment in the Supreme Court. The declaration set forth, that the plaintiff, by the consideration of the said Court, “ then holden at the Capitol, in the city of Albany,” recovered judgment against the defendant, &c. To this declaration, the defendant pleaded in abatement to the jurisdiction of this Court: to which plea there was a demurrer.
It is contended, on the part of the defendants, that the Court has not jurisdiction in the present case, because it appears by the declaration, that the action is founded on the record of a judgment in the Supreme Court, obtained at Albany; that the record must be presumed to be filed there, and that the action is therefore local.
Assuming, for the purpose of disposing of the case, that an action of debt on a judgment is local, and must be brought in the county where the record is filed; I am of opinion, that it does not sufficiently appear in the pleadings in this cause, that the record of the judgment in question is filed in Albany. The declaration states that the plaintiff, in the term of February, 1827, in the Supreme Court, then holden at the Capitol, in the City of Al- “ bany,” recovered judgment against the defendant, as by the record thereof “ remaining in the said Supreme Court, before the “ Justices thereof,” more fully appears.
The record of all judgments obtained in the Supreme Court may be filed in New-York, Albany, or Utica; and for any thing averred in this declaration, the record, on which this action is founded, may be filed in the Clerk’s office in this city. It is not to be inferred, that it is filed in Albany, because it is stated, that the judgment was entered there. Such inference would be a necessary one, where by law the records of the judgments of a Court can be filed only where the Court sits; as in the case of the Courts of Common Pleas: but it cannot arise as to judgments in the Supreme Court, which has general jurisdiction, and in which all records may by law be filed, in either of the_ places designated for the holding of its regular terms.
*211 If the fact, then, in the present case, be that the record in question is filed in Albany, the defendant should have averred that fact distinctly in his plea. The averment, that the cause of action occurred to the plaintiff in the County of Albany, and not in the City and County of New-York, nor elsewhere out of the County of Albany, is not sufficiently certain; as it is an averment equally applicable to transitory actions, (which in fact may have arisen in Albany,) and actions, which are local in their nature. There must, therefore, be judgment of respondeas ouster.
[C. O’Connor, Att'y for plff. J. O. Grim, Att'y for deft.]